October 24, 1995 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

  

No. 95-1696

 EDMUND M. HURLEY,

 Plaintiff, Appellant,

 v.

 BUREAU OF PRISONS,

 Defendant, Appellee.

  

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Reginald C. Lindsay, U.S. District Judge] 

  

 Torruella, Chief Judge, 

 Cyr and Lynch, Circuit Judges. 

  

 James P. Duggan for appellant. 
 John A. Capin, Assistant United States Attorney, with whom Donald 
K. Stern, United States Attorney, was on brief for appellee. 

  

  

 Per Curiam. Edmund H. Hurley appeals a summary judg- Per Curiam 

ment order disallowing his claim for damages, attorney fees, and

costs against the Bureau of Prisons (the "Bureau") under the

Privacy Act of 1974, 5 U.S.C. 552a(e)(5), (g)(1)(C). We

affirm, substantially for the reasons relied upon by the district

court. See Hurley v. Bureau of Prisons, No. 94-10966-RCL (D. 

Mass. May 18, 1995). 

 In July 1990, Hurley was convicted of defrauding the

United States, see 18 U.S.C. 371, and sentenced to an eight- 

month term of confinement. Although the sentence exceeded the

six-month maximum, see 18 U.S.C. 3651 (repealed 1987), Hurley 

did not appeal the sentence. This court affirmed his conviction

in United States v. Hurley, 957 F.2d 1 (1st Cir.), cert. denied, 

113 S. Ct. 60 (1992). 

 Shortly after Hurley began serving his term of confine-

ment in May 1992, the Bureau noted that the eight-month sentence

exceeded the statutory maximum, whereupon it advised Hurley and

telephoned the Assistant United States Attorney ("AUSA") who had

tried the case. Although both the AUSA and Hurley's counsel

promptly moved to correct the sentence, the sentencing court

denied both motions. In addition, pending appeal of the district

court order denying Hurley's requests to correct the sentence,

the Bureau declined Hurley's request that he be allowed to serve

the last two months of his prison term in a halfway house. As

grounds therefor, the Bureau cited the PSR's description of

 2

Hurley's money laundering activities (i.e., in excess of $5

million), to which no objection had been asserted by Hurley. 

 On October 14, 1992, this court vacated the eight-month

sentence and directed Hurley's immediate release. See United 

States v. Hurley, No. 92-2125 (1st Cir. Oct. 14, 1995). By that 

time, however, he had already served seventeen days more than the

six-month maximum term.

 Hurley sued the Bureau for damages under the Privacy

Act, which requires federal agencies "to maintain all records

which are used by the agency in making any determination about

any individual with such accuracy, relevance, timeliness, and

completeness as is reasonably necessary to assure fairness to the

individual in the determination." 5 U.S.C. 552a(e)(5). Hurley

alleged that the Bureau wrongfully relied on the district court

judgment imposing the eight-month sentence, knowing the sentence

to be "inaccurate," and that the Bureau had failed to follow its

own internal procedures for reporting illegal sentences to the

AUSA. These contentions were properly rejected by the district

court.

 The district court judgment accurately reflected the

sentence imposed by the sentencing court, and the Bureau had no

obligation indeed no right to disregard the sentence until

the sentencing court or the court of appeals corrected it.

Similarly, the claimed deviation from Bureau procedures 

namely, placing a telephone call to the AUSA, rather than writing

a letter was inconsequential. At most, any procedural devia-

 3

tion expedited the correction of Hurley's sentence, and, in all 

events, it caused Hurley no injury. Indeed, Hurley concedes that 

the AUSA promptly moved to correct the sentence, once notified.

No more was exigible from the Bureau.

 Finally, Hurley alleged that the Bureau violated the

Privacy Act by relying on the "inaccurate" PSR description of his

money laundering activities in denying his request for a "halfway

house" placement. Hurley neither objected to the PSR before

sentencing, nor on the appeal from his conviction. See United 

States v. Hurley, 957 F.2d 1, 4 (1st Cir. 1992). Any such 

inaccuracy in the PSR should have been brought to the attention

of the district court at sentencing; or, at the very least, on

appeal from his conviction and sentence. See Fed. R. Crim. P. 

32(c)(3)(D) (1987) (requiring sentencing court to make written

factual findings concerning any objections to PSR, and append

them to copy of PSR made available to Bureau), repromulgated at 

Fed. R. Crim. 32(c)(1) (1995). 

 Affirmed.  Affirmed. 

 4